the grand stand and injure the bystanders. Its erection, therefore, cannot be held, as matter of law, to have been so dangerous as to be a wrongful act. While the defendants were bound to exercise reasonable care to protect their invitees from peril, they were not insurers of their safety; and, if the accident occurred through the willful act of a third party, the defendants could not be held liable therefor. We think, therefore, that the request to charge should have been granted, and was improperly refused, unless the rule as requested had been previously charged.

The second answer of the respondent is that this proposition had already been substantially charged, and this was probably what was in the mind of the trial judge when he refused to charge except as already charged. But had the rule of law as requested to be charged, and to which the defendants were entitled, been given to the jury? An examination of the charge shows that the learned trial judge stated to the jury what was the claim of the plaintiff and the claim of the defendants, and told the jury that it was for them to determine the cause of the accident. He had not charged specifically that, if the defendants' theory were true, the defendants were entitled to a verdict. He had, it is true, inferentially so charged. With the ordinary jury, however, more or less confused by arguments of able counsel, it is difficult to make clear by most explicit language the exact rule of law by which they should be guided. It is not fair to a suitor that those rules of law be only inferentially given. He is entitled, at least upon his request, to an explicit statement of his rights. The refusal of a request to charge except as already charged is an intimation to the jury that the rule of law requested is not wholly sound. If that rule of law has been already charged, the party making the request makes it at his peril. Where, however, the rule of law requested to be charged has been only inferentially stated, the party is, we think, entitled to an explicit statement thereof, and should not incur any peril by asking therefor.

We think, therefore, the defendants have successfully established prejudicial error for which a new trial should be granted.

Judgment and order reversed, and new trial granted, with one bill of costs to appellants to abide event. All concur; CHASE, J., in result.

(80 App. Div. 524.)
### BEECROFT et al. v. NEW YORK ATHLETIC CLUB OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. March Term, 1903.)

1. TRIAL—CLOSING TO JURY—EXCLUSION OF REMARKS.
    Where defendant's counsel, in closing to the jury, remarked that a claim made by plaintiff was a great surprise to him and to his client, and was evidently a fabrication, it was error for the court to refuse to permit plaintiff's counsel to read a paragraph from the complaint containing an allegation of such claim.

Appeal from Trial Term, Westchester County.

Action by William G. Beecroft and another, as executors of John Beecroft, deceased, against the New York Athletic Club of the City

of New York. From an order setting aside a verdict for defendant and granting a new trial, defendant appeals. Affirmed.

The following is the opinion of KEOGH, J.:

Whether Mr. Beecroft was using the club's stage as a convenience in going to his home, or, as a club member, was a passenger therein on his way to the club, was an important question in the case. In the summing up, the defendant's counsel stated that the claim made by the plaintiffs on the trial that Mr. Beecroft was on his way to the club to meet by appointment Mr. Hunter, another club member, was a great surprise to counsel and his client; and he strenuously argued that such claim was an afterthought, and the testimony tending to prove it a fabrication. In answering this argument, plaintiffs' counsel, during his summing up, said that he proposed to read from the fourth paragraph of the complaint to show that it was therein alleged that Mr. Beecroft was on his way to the club, and not to his home, when the accident occurred. This was objected to by defendant's counsel, and the objection was sustained by the court. I am of opinion that this was error, and that plaintiffs' counsel had a right to read from the complaint to show that it contained an allegation that Mr. Beecroft was a passenger in the club's stage, and on his way to the club, at the time that he was killed.

It was also error to charge the jury that, if the accident happened as the driver said it did, then the plaintiff could not recover. It was, I am convinced, a question to be decided by the jury whether, if the occurrence took place as the driver testified it did, he was not guilty of negligence.

Both errors are, in my judgment, so plain and grave as to demand the granting of a new trial.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Isaac N. Mills and John C. Gulick, for appellant.
George C. Appell, for respondents.

PER CURIAM. Order affirmed on the opinion of KEOGH, J., with costs.

---

### LYNCH v. BUCKLEY et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1903.)

1. SPECIFIC PERFORMANCE—INFANT—EXECUTORS—FAILURE TO AGREE.
    Where, in an action for specific performance, wherein the rights of an infant defendant were involved, it was not shown that both of the executors who had the power of sale of that part of the premises in question belonging to such infant had acted with reference to the sale, and agreed on the price at which the premises should be sold, while it, on the other hand, was shown that plaintiff had purchased the land at the sale for several thousand dollars less than its real value, plaintiff was not entitled to a decree in his favor.

2. EXECUTORS—SALE OF LAND—AUTHORITY OF AUCTIONEER.
    Where a purchaser of land at a public sale had notice that the property was advertised for sale by two executors under a power of sale in a will, he was bound to know that the auctioneer had authority to act for both of the executors.

Appeal from Trial Term, Westchester County.

Action by Daniel E. Lynch against William W. Buckley, as sole executor of the estate of Thomas C. Oakley, deceased, and others, for the specific performance of a contract for the sale of land. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.